FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VINCE C., | No. 4:20-CV-05213-JAG |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney Chad Hatfield represents Vince C. (Plaintiff); Special Assistant United States Attorney Jaffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on April 11, 2017, alleging disability beginning July 1, 2010[1], due to depression, anxiety, carpal

---

[1] At the hearing Plaintiff amended the alleged onset date to the protected filing date, April 11, 2017, for procedural purposes. Tr. 36.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

tunnel syndrome, PTSD, cataracts, neuropathy in the extremities, and arthritis. Tr. 70-71. The application was denied initially and upon reconsideration. Tr. 97-105, 109-15. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on February 25, 2020, Tr. 33-68, and issued an unfavorable decision on March 23, 2020. Tr. 15-25. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on August 31, 2020. Tr. 1-6. The ALJ's March 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 30, 2020. ECF No. 1.

## II. STATEMENT OF FACTS

Plaintiff was born in 1963 and was 54 years old when he filed his application for benefits. Tr. 70. He has a high school education and some college courses, including training as a welder. Tr. 38. He last worked in a full-time capacity in 2009, as a welder. Tr. 38, 57-58, 364. He has performed odd jobs and handyman work over the years to support himself. Tr. 39-40, 443. He has alleged an inability to work primarily based on cataracts and carpal tunnel syndrome, along with mental health limitations. Tr. 40. He has had carpal tunnel release surgery on both wrists and cataract extractions from both eyes. Tr. 297, 392, 536-37, 555.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.   ADMINISTRATIVE DECISION

On March 23, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-25.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: substance abuse, depression, anxiety, bilateral carpal tunnel syndrome post-surgical release, and cataracts status-post surgery. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform medium exertion work, with the following additional limitations:

> [T]he claimant can occasionally handle and finger with the left upper extremity and frequently handle and finger on the right. No exposure to moving or dangerous machinery or unprotected heights. No more than frequent use of close vision, as with a computer screen. The claimant requires low stress work, no production paced or conveyor belt-type tasks. The claimant requires a predictable work setting, and can make occasional simple workplace changes. No more than brief, superficial interaction with the general public, and he must work in an environment without a lot of people around.

Tr. 19.

At **step four**, the ALJ found Plaintiff was unable to perform his past relevant work as a metal fabricator. Tr. 23.

At **step five**, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of janitor, floor attendant, and laundry worker. Tr. 23-24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the date of the decision. Tr. 24-25.

## VI. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by: (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting PTSD as a severe impairment at step two; (3) failing to find Plaintiff disabled at step three; (4) improperly rejecting Plaintiff's subjective complaints; and (5) conducting an inadequate step five analysis.

## VII. DISCUSSION

A.     **Medical Opinion Evidence – Dr. Zimmerman.**

Plaintiff argues the ALJ improperly disregarded the opinion from his treating provider, Dr. Laurie Zimmerman. ECF No. 18 at 10-15.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity

with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Plaintiff's mental health medication prescriber, Dr. Laurie Zimmerman, completed a mental residual functional capacity assessment in December 2019. Tr. 583-86. She opined Plaintiff had marked limitations in numerous work-related functional categories, had marked impairment in interacting with others and

maintaining concentration, persistence, and pace, and predicted he would be off task more than 30% of the time and miss four or more days per month from a full-time job. *Id.*

The ALJ found this opinion was not persuasive, noting that while Plaintiff had some symptoms of mental health impairments, he had otherwise performed very well at his consultative exam. Tr. 22-23. The ALJ found those findings to be inconsistent with Dr. Zimmerman's opinion, and further found that Dr. Zimmerman had failed to offer adequate explanation or cite to the record in support of her opinion. Tr. 23.

Plaintiff argues the ALJ's analysis was flawed, asserting it was unclear whether the ALJ understood that the exam findings he cited to were from a different doctor, and arguing the ALJ provided no nexus for his conclusory determination that a treating doctor's opinion was inconsistent with Plaintiff's performance at a single consultative exam. ECF No. 18 at 10-12. Plaintiff further argues that Dr. Zimmerman's opinion is supported by and well-explained by her treatment notes and the longitudinal record. *Id.* at 13-15. Defendant argues the ALJ reasonably considered the amount of explanation the doctor provided and the lack of support from the objective medical evidence in assessing the persuasiveness of Dr. Zimmerman's opinion, and asserts that Plaintiff's discussion of the supportive evidence is effectively a request to reweigh the evidence in his favor. ECF No. 19 at 9-11.

The Court finds the ALJ did not err. With respect to supportability, the ALJ reasonably found the opinion lacking in explanation. Tr. 23. The only comment Dr. Zimmerman offered was: "Diagnosis of PTSD and panic disorder with agoraphobia." Tr. 586. The ALJ also discussed Dr. Zimmerman's treatment records earlier in the decision, noting occasional exacerbation of mood issues, but otherwise largely stable findings. Tr. 21-22. With respect to consistency, the ALJ noted the relatively unremarkable findings at the consultative exam, finding them

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

inconsistent with the marked limitations set forth by Dr. Zimmerman. Tr. 22-23. Thought Plaintiff offers an alternative interpretation of the mental health treatment records, "when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

B.  **Plaintiff's Subjective Complaints.**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 18 at 17-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. Specifically, the ALJ found Plaintiff's allegations to be undermined by evidence of improvement in his conditions with treatment and the fact that he was working and actively seeking out work. Tr. 20-22.

Plaintiff argues the ALJ improperly rejected his allegations based on the waxing and waning of symptoms, and asserts that he did not engage in activities that were inconsistent with his allegations. ECF No. 18 at 17-20. He further argues the ALJ applied an impossibly high burden in finding Plaintiff's part-time work to be inconsistent with his claim of disability. Plaintiff alleges he is unable to maintain regular and continuous employment, which is not inconsistent with the

sporadic work he performed while taking frequent breaks. *Id.* at 19. Finally, he asserts that the record documents no improvement in his mental health conditions. *Id.* at 20. Defendant argues the ALJ reasonably considered evidence that Plaintiff's physical conditions improved with treatment and that his activities demonstrate greater functional ability than alleged. ECF No. 19 at 3-6.

The Court finds the ALJ did not err. An ALJ may consider evidence of the type and effectiveness of treatments received in assessing the reliability of a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(3); Social Security Ruling 16-3p. The ALJ noted Plaintiff's cataracts and carpal tunnel syndrome improved following his various surgeries, contrary to his testimony that these conditions continued to render him disabled. Tr. 20-22. While Plaintiff reported his primary barriers to working included his vision and his carpal tunnel syndrome, the record supports the ALJ's finding that Plaintiff's symptoms greatly improved with treatment. Tr. 380, 396, 538-41, 556. The record contains no ongoing complaints regarding these issues after the post-operative care. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ's interpretation of the record as undermining Plaintiff's testimony regarding ongoing problems is supported by substantial evidence.

C. **Step Two.**

Plaintiff argues the ALJ erred in failing to find PTSD to be a severe impairment at step two. ECF No. 18 at 20-21.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment or combination of impairments can be found not

severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ identified several severe impairments at step two, including depression and anxiety, then found that all other impairments in the record (including PTSD) were non-severe based on the evidence not indicating that they caused significant limits for a twelve-month period. Tr. 17. However, the ALJ indicated he considered all conditions in formulating the RFC, and included various limitations regarding low stress work, simple changes, and limitations on social interaction. Tr. 17, 19.

Plaintiff argues the ALJ erred by failing to find PTSD to be a severe impairment, noting his trauma occurred in childhood and he exhibited symptoms of the condition for the entire relevant period. ECF No. 18 at 15-16. Defendant argues that any error was harmless, as the ALJ did not end the analysis at step two, found Plaintiff had severe mental impairments, and considered all conditions in formulating the RFC. ECF No. 19 at 2-3.

The Court finds the ALJ did not err. The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Because the ALJ did not end the analysis at step two, any error in the precise labeling of Plaintiff's mental health diagnoses is harmless. Other than the limits assessed by Dr. Zimmerman, which the ALJ appropriately found to be unpersuasive, Plaintiff has not identified any functional limits stemming from PTSD that were not accounted for in the RFC. Therefore, the ALJ did not err.

D.  **Step Three.**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Plaintiff argues the ALJ erred in failing to find Plaintiff's mental conditions to meet or equal one of the 12.00 Listings, based on Dr. Zimmerman's assessment of marked impairment in two of the B criteria. ECF No. 18 at 17. Because the Court finds the ALJ did not err in his assessment of Dr. Zimmerman's opinion, Plaintiff's argument is without merit.

E.  **Step Five.**

Plaintiff argues the ALJ's step five findings were insufficient due to a conflict between the RFC and the job requirements as noted in the Dictionary of Occupational Titles, with respect to the handling requirements. ECF No. 18 at 20-21.

When there is a conflict between the testimony of a vocational expert (VE) and evidence contained in the Dictionary of Occupational titles, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE's testimony and must reconcile the inconsistency. *Lamear v. Covlvin*, 865 F.3d 1201, 1206 (9th Cir. 2017); Social Security Ruling 00-4p. The ALJ complied with this requirement. At the hearing, the ALJ and Plaintiff's representative questioned the VE as to a worker's ability to perform the identified jobs while only using his non-dominant hand for one-third of the day, and the VE testified extensively about how the jobs would still be performable. Tr. 58-65. The ALJ acknowledged this discrepancy and the VE's testimony in the decision. Tr. 24. The ALJ did not err.

Plaintiff's remaining argument, that the ALJ posed an incomplete hypothetical to the VE, is premised on successfully showing that the ALJ erred in his treatment of the symptom statements and medical opinions. ECF No. 18 at 21. Because the Court finds that the ALJ did not harmfully err in his treatment of Plaintiff's symptom statements and the medical evidence, Plaintiff's argument is without merit.

## VIII.  CONCLUSION

The Court has reviewed the record and the ALJ's findings and the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 6, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE